discount or purchase of paper not financially good for sale, and at all times to see to it that its reserve was maintained in accordance with law." It is then alleged that the directors and officers brought about a merger of several small banks, and that as a result of the merger the parent bank was thereby rendered insolvent. Furthermore, it was asserted that the officers and defendants, with reckless disregard of the rights of the plaintiffs, wrongfully received or wrongfully permitted employees to receive deposits of the plaintiffs and others, well knowing that the institution was insolvent. It was further alleged that the defendants had loaned directly or indirectly to various officers and directors of the bank sums of money exceeding a half million dollars.

The concluding paragraph of the complaint asserts "that by reason of the wrongful acts of defendants, as hereinbefore set out, plaintiffs have met with a loss individually and collectively in the sum of $149,336.05," etc.

There is no specific allegation that the Commissioner of Banks took charge of the assets of the Commercial Bank and Trust Company of Gastonia when its doors were closed on 4 April, 1929, but it does appear from paragraph 15 of the complaint that the plaintiffs have received a forty per cent dividend, "paid by the receiver."

There is no allegation that demand has been made upon the receiver or Commissioner of Banks to institute an action against the officers and directors, or that such receiver has otherwise failed to perform his duties.

An analysis of the complaint leads the court to the conclusion that the complaint invokes the principles applied in *Douglass v. Dawson, supra; Roscower v. Bizzell,* 199 N. C., 656, 155 S. E., 558, and *Merrimon v. Asheville,* 201 N. C., 181.

Affirmed.

---

S. P. HOUSER v. W. T. LOVE, J. WHITE WARE, ET AL.

(Filed 28 January, 1935.)

CIVIL ACTION, before *Oglesby, J.,* at January Term, 1934. From LINCOLN.

Plaintiff was a depositor in the Commercial Bank and Trust Company of Gastonia, and the defendants are officers and directors of said bank. The allegations of the complaint are substantially identical with those appearing in *Sain et al. v. Love et al., ante,* 588. The substantial

difference in the allegations of the complaint in the two actions are perhaps found in paragraph 17 of the complaint in the case at bar. In said paragraph the plaintiff alleges that he deposited certain sums of money on 21 March, 1929, and prior to 3 April, 1929, and on 4 April, 1929, the day the bank was closed, and that "since closing of said bank on 4 April, 1929, plaintiff has received several dividends from the liquidating agent, together with paid checks, amounting to $1,500."

The defendants demurred to the complaint upon the same ground as set out in the *Sain case, supra.* The trial judge sustained the demurrer and the plaintiff appealed.

*S. J. Durham, W. H. Childs, W. M. Nicholson, and J. Laurence Jones for plaintiff.*

*Clyde R. Hoey, W. C. Feimster, A. C. Jones, E. B. Denny, E. R. Warren, and A. L. Quickel for defendants.*

PER CURIAM. The judgment is affirmed upon authority of *Sain v. Love, supra.*

Affirmed.

---

ORANGE COUNTY v. GEORGE D. ATKINSON AND WIFE, MRS. GEORGE D. ATKINSON (AND C. M. CATES, LIENHOLDER, AND MYRON PERRY LLOYD AND WIFE, MAE HOLMES LLOYD, ADDITIONAL PARTIES DEFENDANT).

(Filed 28 January, 1935.)

1. **Appeal and Error F b—Exception to signing of judgment presents question of sufficiency of agreed facts to support judgment.**

   Intervenors, the trustee and holder of notes secured by the deed of trust, moved to set aside foreclosure of the tax-sale certificate against the property for irregularities in that the sale was not held on the proper day under the provisions of the statute. Judgment was entered on the agreed facts denying the motion. Movants excepted for that the court signed the judgment: *Held,* the exception presents the question of whether the judgment was supported by the facts agreed, and it appearing of record that movants had not been made parties to the foreclosure of the tax-sale certificate, judgment is reversed for that the facts found and admitted are not sufficient to support it.

2. **Appeal and Error J g—**

   The judgment denying motion to set aside foreclosure of tax-sale certificate being reversed for irregularity in that holders of registered liens were not made parties, the exception based upon the ground that the sale was not had on the proper day under the provisions of the statute need not be considered.